## Monaghan's Estate

*James A. Somers*, for accountant.

*Joseph Sharfsin* and *Joseph T. Coghlan, Jr.*, for claimant.

KUN, J., April 1, 1937.—The City of Philadelphia has presented claims amounting to $3,031.72 against the estate of Mary Agnes Monaghan, a lunatic, for her maintenance and support at the Philadelphia General Hospital and the Philadelphia Hospital for Mental Diseases.

Said claims cover a period commencing on November 12, 1924, and ending on March 1, 1937. The guardian has filed its account for audit and has raised the statute of limitations to that part of the city's claim exceeding six years prior to March 1, 1937.

The Act of July 15, 1935, P. L. 997, abolishes the plea of the statute of limitations in claims by poor districts for maintenance and support of persons who are or were public charges, including mental patients.

This claim by the city comes within the purview of that act. The city, exclusive of the six separate poor districts in the outlying sections, functions as a poor district and has done so since the Act of February 2, 1854, P. L. 21, sec. 19, consolidating the city and county, directed the taking over by the city of the powers and duties of the old guardians of the poor.

Successively in the two charters and the acts of assembly since 1854, the various departments and bureaus of the city have been performing the functions and assuming the duties and burdens of providing for the support of its poor. That the city has the privileges and powers that from time to time have been conferred on poor authorities by the legislature has been generally conceded for many years. For example, the right of the city to recover for the support of public charges against relatives not liable under the common law is derived from acts of assembly relating to poor authorities, and the city itself has innumerable times been upheld in such claims by our Orphans' Court and in the Supreme Court: Metcalf's Estate, 319 Pa. 28; Boles' Estate, 316 Pa. 179.

The applicability of the Talbot Relief Act of December 28, 1931, P. L. 1503, to the city as an entity charged with the care of the poor has been sustained: Commonwealth ex rel. v. Liveright et al., 308 Pa. 35, 84.

Recently the construction of one phase of the Act of 1935 was before the orphans' court in Unruh's Estate, 29 D. & C. 113, at which time the act was given retroactive effect. In that case the City of Philadelphia

petitioned the court in banc for leave to intervene because of the interest of the city, and the petition was granted, indicating the attitude of that court as to the city's position under the act. The claim of the city is not barred by the statute of limitations.

Therefore the claim of the city is allowed, and there is awarded to it the sum of $3,061 out of the funds of the lunatic in the possession of the Girard Trust Company, her guardian.